1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATTHEW LOGGINS,

11          Petitioner,                    No. CIV S-08-2190 EFB P

12      vs.

13   ROBERT HOREL, Warden,

14          Respondent.            <u>ORDER AND ORDER TO SHOW CAUSE</u>

15   _____/

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas

18   corpus.  *See* 28 U.S.C. § 2254.  Petitioner seeks leave to proceed *in forma pauperis*. *See* 28

19   U.S.C. § 1915(a).

20          Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford

21   the costs of suit.

22          The court has reviewed this action in accordance with Rule 4 of the Rules Governing

23   Section 2254 proceedings, and finds that it appears that petitioner has not exhausted the available

24   state remedies.  Therefore, petitioner must either show cause for his failure or that he has

25   exhausted.  If he cannot make one of the required showings, this action must be dismissed

26   without prejudice.

1

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

Petitioner alleges one ground for relief. The form petition asks whether petitioner presented this claim to the California Supreme Court, on either a petition for review in direct

appeal proceedings or on habeas corpus. Petitioner states that he did not present his claim to the California Supreme Court either on direct appeal or in habeas proceedings. Therefore, it appears that petitioner did not exhaust the available state remedies. It therefore appears that he is not entitled to the relief he seeks.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted;

2. Within 30 days of the date this order is served, petitioner must either show cause for his failure to exhaust the available state remedies or show that he has in fact exhausted those remedies; and

3. Failure to comply with this order will result in this action being dismissed without prejudice.

Dated: April 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE